[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On or about July 27, 1997, the defendant Eastern Connecticut State University ("ECSU") solicited requests for proposals from prospective bidders to furnish a fire alarm system. (Complaint, ¶ 16.) The request contained a mandatory requirement that each bidder submit both a lump sum proposal for work in ECSU's new library and clocktower as well as unit pricing for certain additional items of work and programming of the system. (Exhibit F of Complaint which is ECSU's Proposal Form For Projects Not To Exceed $1,000,000, p. 2 ¶ 4 and p. 40.) The proposal form required all incomplete bids to be rejected, Id., p. 18, and contractually reserved the right of ECSU to reject all bids. Id., p. 2 ¶ 4.[1]
The defendant, Simplex Time Recorder Co. ("Simplex"), submitted a lump sum proposal in the amount of $56,283 but failed to provide unit prices required by the proposal. (Complaint, ¶ 18.) On or about August 8, 1997, the plaintiff, Blesso Fire Systems, Inc. ("Blesso"), submitted its bid in the amount of $56,900. Id., ¶ 19. By letter, dated August 26, 1997, from ECSU to Blesso, ECSU returned Blesso's bid bond and informed Blesso that the contract had been awarded to Simplex. Id., ¶ 25. On or about August 29, 1997, Simplex submitted its unit pricing to ECSU. (Exhibit K of Complaint which is a letter from Blesso's attorney to ECSU, p. 3.) Subsequently, on or about September 3, Blesso's attorney filed an administrative petition pursuant to General Statutes § 4b-100
and § 4b-100-3 of the Regulations of Connecticut State Agencies which sought an injunction prohibiting the award of the contract to Simplex as well as an award of the contract to Blesso. (Exhibit K of Complaint which is Blesso's administrative petition.) The administrative petition was filed "contemporaneously with [Blesso's Superior Court action, Docket No. 573356, also seeking an injunction prohibiting the award of the contract to Simplex as well as an award of the contract to Blesso] . . . to preserve any and all of Blesso's rights . . . ." (Blesso's Opposition to Motion to Dismiss, p. 4.) On September 4, ECSU terminated its contract with CT Page 10025 Simplex pursuant to Article 33 of the "General Conditions of Contract." (Exhibit B of Simplex's Motion to Dismiss.) Shortly thereafter, on September 16, Attorney Laurie A. Deanne of the Attorney General's office wrote to Blesso and Simplex informing them that ECSU would "refine the project's bid document and specifications and re-bid the project in the near future." Id.
On September 18, 1997, Simplex filed a Motion to Dismiss contending that "the action should be dismissed for lack of subject matter jurisdiction because Blesso has failed to exhaust its statutorily-mandated administrative remedies and because Blesso's claims are now moot since Eastern Connecticut State University has elected to terminate its contract with Simplex and re-bid the project." On September 24, while appearing before this court, Blesso filed an Objection and Opposition to Simplex's Motion to Dismiss. During that appearance, ECSU also filed a Motion to Dismiss contending that (1) the court lacks subject matter jurisdiction; (2) ECSU has sovereign immunity; (3) Blesso has not exhausted all administrative remedies; and (4) Blesso's claims are moot.
"Practice Book § 143 governs motions to dismiss. A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds. . . . The Superior Court lacks subject matter jurisdiction in a matter if an adequate administrative remedy exists, and it has not been exhausted." (Citations omitted; footnotes omitted; internal quotation marks omitted.) Malasky v. Metal Products Corp.,44 Conn. App. 446, 451-52, 689 A.2d 1145, cert. denied, 241 Conn. 906
(1997).
SUBJECT MATTER JURISDICTION
The procedure for filing a grievance in public bidding cases was recently discussed in Kendland Co. v. NicomConstruction Group, Superior Court, judicial district of New London at Norwich, Docket No. 104321 (Mar. 21, 1994, Hendel, J.) (9 C.S.C.R. 414). In Kendland, Judge Hendel wrote: "It is further noted that General Statutes 4b-100 provides that CT Page 10026 `[t]he commissioner of public works shall adopt regulations . . . establishing a procedure for promptly hearing and ruling on claims alleging a violation or violations of sections 4b-91
to 4b-100, inclusive.' Section 4b-100-3 of the Regulations of Connecticut State Agencies provides, in part[:] `Any party whose financial interests may be affected by a decision on a claim alleging a violation(s) of the contract bidding procedures set forth in [4b-91 to 4b-100] may file a petition with the Commissioner [of Public Works] seeking a ruling on whether there has been a violation.'" Id., 9 C.S.C.R. 415.
Judge Hendel further noted: "The Commissioner is then required to designate a presiding officer to hear and rule on the claimant's grievance. Regs. Conn. State Agencies4b-100-7, 4b-100-8 and 4b-100-9. A claimant may appeal the presiding officer's decision to the Commissioner of Public Works. Regs. Conn. State Agencies 4b-100-10. `Thereafter, the Commissioner shall issue a written decision on the ruling and this decision shall be final and conclusive in the matter.' Id." Kendland Co. v. Nicom Construction Group, supra,9 C.S.C.R. 415.
Judge Hendel therefore concluded that "the regulations adopted pursuant to General Statutes 4b-100 do not provide for redress to the superior court and for this additional reason the court lacks jurisdiction over the third count of the plaintiff's complaint alleging violations of 4b-95." (Emphasis added.) Id.
In the present case, as in Kendland, nothing in the language of the regulations provides for redress to the Superior Court. Thus, the plain language of the statute and regulations, as interpreted by Judge Hendel in Kendland, would appear to preclude the court from asserting subject matter jurisdiction over the matter.
However, "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal." General Statutes § 4-183 (a). The Uniform Administrative Procedure Act "applies to all agencies and agency proceedings not expressly exempted in this chapter." General Statutes §4-185 (b). The exemptions are set forth in §§ 4-186 and 4-188 (a). CT Page 10027 No exemption was found for the Department of Public Works.
Nevertheless, "[a]n administrative petition was filed [by Blesso pursuant to General Statutes § 4b-100] contemporaneously with this action . . . to preserve any and all of Blesso's rights . . . ." (Blesso's Opposition to Motion to Dismiss, p. 4.) Thus, Blesso failed to exhaust its administrative remedies prior to filing this action. Moreover, after Blesso's administrative petition was filed on September 3, 1997, ECSU rescinded its contract with Simplex on September 4, 1997. However, nothing in the record indicates that Blesso has been given the "informal conference" hearing required by § 4b-100-6 (a) of the Regulations of Connecticut State Agencies or received notification that its administrative petition will not be ruled on. Thus, it appears that a ruling on the petition should still be forthcoming at the present time.
Therefore, even assuming that nothing in § 4b-100-10 of the Regulations of Connecticut State Agencies would preclude this court from asserting subject matter jurisdiction, and that Blesso could establish that it has standing, see discussion infra, this court lacks subject matter jurisdiction over Blesso's claim because an adequate administrative remedy exists, and it has not been exhausted. Malasky v. MetalProducts Corp., supra, 44 Conn. App. 451-52.
The issue of standing is controlled by a trilogy of Connecticut cases, Spiniello Construction Co. v. Manchester,189 Conn. 539, 456 A.2d 1199 (1983); Ardmare Construction Co.v. Freedman, 191 Conn. 497, 467 A.2d 674 (1983); and UnisysCorp. v. Dept. of Labor, 220 Conn. 689, 600 A.2d 1019 (1991). The right to challenge standing is perhaps most clearly set forth in Ardmare when the court held that "an unsuccessful bidder has no standing to challenge the award of a public contract . . . [except] where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object of and integrity of the competitive bidding process is defeated by the conduct of municipal officials." (Citations omitted; internal quotation marks omitted).Ardmare Construction Co. v. Freedman, supra, 191 Conn. 501.
In D.P.L. Refuse Service v. Ansonia, Superior Court, judicial district of New Haven at New Haven, Docket No. 340059 (June 9, 1993, Gray, J.), a public bidding case with facts CT Page 10028 that are substantially similar to those in the present case, the plaintiff was found to have standing. In D.P.L., the plaintiff brought an action against the City of Ansonia and others seeking injunctive relief and a writ of mandamus. The plaintiff alleged that, although it had strictly complied with all of the bid requirements, the defendants wrongfully awarded the contract to another contractor, BFI, in spite of the fact that BFI's proposals failed to comply with both the bid invitation specifications and the City Charter. Judge Gray wrote: "In light of the allegations set forth in the complaint, the court must, under our law and cases, find that there is standing to bring this action because sufficient acts are alleged that, for purposes of the motion to strike, show that illegality and `favoritism [have] influenced the conduct of the bidding officials . . .' and that such conduct `defeated the object and integrity of the competitive bidding' process." Id., quoting Spiniello Construction Co. v.Manchester, supra, 189 Conn. 544-45.
In another Superior Court case, Apcoa, Inc. v. New Haven,
Superior Court, judicial district of New Haven at New Haven, Docket No. 370220 (Mar. 30, 1995, Booth, J.), the contract being bid upon required that all bidders "shall have been operating and managing . . . facilities of a like nature for the last three years . . . ." Judge Booth concluded that City's agent had erroneously awarded the contract to a bidder with only two years and seven months experience "in the belief that two years and seven months experience was sufficient or in the belief that the experience of the principals of the corporation could be included to satisfy the specification[,]" and held "that either belief would defeat the very object and integrity of the competitive bidding process." Judge Booth reasoned that: "Just as the court in Unisys was concerned about what bids would have been accepted if the sole source specification had not been used, and the court in Spiniello
was concerned about what bids would have been submitted if combined bids were available to all bidders, so this court is concerned about what bids might have been submitted if the specification had indicated that the bidder could include the experience of principals, officers, and perhaps employees in determining compliance with the bid specification." Apcoa,Inc. v. New Haven, supra, Superior Court, Docket No. 370220.
In the present case, based upon Judge Gray's holding inD.P.L., Blesso could persuasively argue that it has standing CT Page 10029 to contest the award of the bid to the defendant Simplex. Blesso has alleged, as the plaintiff in D.P.L. did, that although it strictly complied with all of the bid requirements, the defendant wrongfully awarded the contract to another contractor, in spite of the fact that the other contractor's proposals failed to comply with the bid invitation specifications. In D.P.L., the similarly situated plaintiff was found to have standing.
Blesso also argues that it has taxpayer standing. Since there does not appear to be subject matter jurisdiction, and Blesso has cited no authority which would compel the court to award the contract to them, see analysis of award of contract which follows infra, further discussion of this issue is omitted at this time.
AWARD OF CONTRACT
Blesso argues that the subject contract must be awarded to them pursuant to General Statutes § 4b-91, entitled: "Bidding for public building contracts. Exception[,]" which provides that certain contracts "shall be awarded to the lowest responsible and qualified general bidders . . . ." Id. However, § 4b-91 is inapplicable to this action because the statute applies to contracts "estimated to cost more than twohundred fifty thousand dollars."[2] In the present case, the bids submitted by both Blesso and Simplex were approximately $56,000, substantially less than the $250,000 threshold.
Blesso has cited no other authority which would compel the court to award the contract to them. Although Blesso bid on the contract, "[a] bid, even the lowest responsible one, submitted in response to an invitation for bids is only an offer which, until accepted by the municipality, does not give rise to a contract between the parties." Ardmare ConstructionCo. v. Freedman, supra, 191 Conn. 501-02, quoting John J.Brennan Construction Corp. v. Shelton, 187 Conn. 695, 702
(1982).
Moreover, ECSU contractually reserved the right to reject all bids.[3] In a case discussing bidding for public contracts, injunctions and standing, Judge Booth wrote: "Because the court finds that the defendant City reserved the right to reject all bids, the court denies any injunction requiring award to any particular bidder and leaves the City to its CT Page 10030 procurement practices including, in its discretion, rebidding." Apcoa, Inc. v. New Haven, supra, Superior Court, Docket No. 370220.
The motions to dismiss are granted.
John J. Langenbach Administrative Judge